UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ningbo S-Chande Import & Export
Co., Ltd.,

         Case No. 20-10190

    Plaintiff,

         Judith E. Levy
v.          United States District Judge

Allied Technology, Inc.,    Mag. Judge Anthony P. Patti

    Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR PARTIAL DISMISSAL [13]**

Before the Court is Defendant Allied Technology, Inc.'s partial motion to dismiss Plaintiff Ningbo S-Chande Import & Export Co., Ltd.'s amended complaint. (ECF No. 13.) For the reasons set forth below, Defendant's partial motion to dismiss is GRANTED.

 **I. Background**

This case involves a dispute over the sale of certain products, including production parts and tooling products, that Plaintiff sold to Defendant, which Defendant then used to sell to manufacturers in the automobile industry such as General Motors, Ford, Toyota, and

Bridgestone. (ECF No. 12, PageID.86.) The parties' business dealings grew out of a relationship that began in approximately 2015 between Defendant and Plaintiff's founder, Wu Weijun. That is when Defendant signed a letter of consent, in which it agreed to purchase its products from a company that Weijun would form. (*Id*.) In April 2017, Weijun formed the company, Plaintiff Ningbo S-Chande Import & Export Co., Ltd., and began filling all orders and directives from Defendant. (*Id*. at PageID.88.)

For almost two years beginning in 2017, business between the two went smoothly: Defendant would submit a purchase order to Plaintiff, and Plaintiff would fill the order in approximately 45 to 60 days. Then Plaintiff would send Defendant an invoice, which Defendant paid within 60 days of "products on board." (*Id*.)

This changed in late 2018, when Defendant began making untimely and/or partial payments on Plaintiff's invoices. Plaintiff alleges that it "regularly followed up with [Defendant] regarding the outstanding payments due under the invoices" starting in December 2018.[1] (*Id*. at PageID.89.)

---

[1] Exhibit B to the amended complaint, entitled "Invoices," contains invoices that are on Plaintiff's letterhead, addressed to Defendant, and dated from July 7, 2017 to March 22, 2019. (ECF No. 12-3, PageID.102–181.)

In about April 2019, Defendant's accounts-receivable balance with Plaintiff became so large that Plaintiff suspended new orders from Defendant until the accounts-receivable balance was settled. (*Id.*) In May 2019, Plaintiff contacted Defendant to settle the outstanding accounts-receivable balance. Plaintiff alleges that Defendant "admitted that it owed [Plaintiff]" but also stated that it was in urgent need of certain parts that Plaintiff had in stock, and it requested that Plaintiff send those parts to it immediately. (*Id.*) In reliance on Defendant's representation that it would pay the accounts-receivable balance Plaintiff shipped the urgently needed parts to Defendant. Defendant did not pay for the parts. The parties' relationship deteriorated further, and by June 2019, Plaintiff lost all contact with Defendant. (*Id.* at PageID.90.)

In September 2019, counsel for Plaintiff sent Defendant a demand letter for payment of $2,469,756.34, which it stated was the outstanding balance.[2] The demand did not result in payment. Plaintiff brought this

---

[2] Exhibit C to the amended complaint is a copy of the demand letter addressed to Defendant requesting that it "remit the [outstanding] balance of $2,469,756.34 to [counsel's] office on or before the close of business on October 9, 2019 or contact [counsel] directly by that date to discuss alternate payment arrangements for this amount." The letter warned Defendant that if "payment is not received by that date, [counsel] will inform our client and recommend that suit be filed immediately against Allied through local counsel in Michigan." (ECF No. 12-4, PageID.182.)

3

suit against Defendant on January 24, 2020. (ECF No. 1.) The operative complaint, filed on March 13, 2020, contains three counts: (1) breach of contract; (2) unjust enrichment (pled in the alternative to breach of contract); and (3) a claim for account stated.[3] (ECF No. 12.)

On March 24, 2020, Defendant moved to dismiss Plaintiff's account stated claim. Defendant argues that Exhibit C to the original complaint, entitled "Statement of Account," proves that there was no agreement on the balance owed, which is an essential element of an account stated claim under Michigan law. (ECF No. 13, PageID.204.) This document was omitted from Plaintiff's amended complaint. Plaintiff argues in its response that a document attached to the original—but not the operative—complaint cannot be considered by the Court at the motion to dismiss stage. (ECF No. 15, PageID.213.) But, Plaintiff argues, even if the Court were to consider the document it would make no difference because Plaintiff has pleaded enough facts to support its account stated claim. (*Id.*)

---

[3] Plaintiff's original complaint brought an additional count for breach of a non-compete and non-disclosure agreement. This count was not included in the amended complaint.

## II. Legal Standard

When deciding a motion to dismiss under Federal Rule of Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

## III. Analysis

An "account stated" is "a contract based on assent to an agreed balance, and it is an evidentiary admission by the parties of the facts asserted in the computation and of the promise by the debtor to pay the

amount due." *Fisher Sand & Gravel Co. v. Neal A. Sweebe, Inc.*, 494 Mich. 543, 557 (2013) (internal citations omitted). Further, "an account stated, like all contracts, requires mutual assent. Specifically, [a]n account stated requires the manifestation of assent by both parties to the correctness of the statement of the account between them." *Id.* (internal citations omitted).

To prevail on an account stated claim at the Rule 12(b)(6) stage, Plaintiff must show there was a "balance struck between the parties [. . .]; and, where a plaintiff is able to show that the mutual dealings which have occurred between two parties have been adjusted, settled, and a balance struck, the law implies a promise to pay that balance." *Price v. Annuity Inv'rs Life Ins. Co.*, 244 F. App'x 654 (6th Cir. 2007) (quoting *Watkins v. Ford*, 69 Mich. 357 (1888)). In addition, "the conversion of an open account into an account stated [sic], is an operation by which the parties assent to a sum as the correct balance due from one to the other . . . . That it has taken place, [sic] may appear by evidence of an express understanding, or of words and acts, and the necessary and proper inferences from them." *Kaunitz v. Wheeler*, 344 Mich. 181, 185 (1955) (internal citations omitted).

Plaintiff's amended complaint cites to the invoices that Plaintiff sent to Defendant requesting payment. (ECF No. 12, PageID.93.) The invoices are attached as Exhibit B to the amended complaint. (ECF No. 12-3.) Plaintiff's complaint alleges that Defendant received the invoices but never objected and/or did not object to them within a reasonable amount of time, and this is enough to survive Defendant's 12(b)(6) motion. (ECF No. 12, PageID.93.)

Defendant argues that Plaintiff has failed to show that the parties assented to an agreed-upon balance and that Defendant promised to pay the balance. (ECF No. 13, PageID.184.). In its response, Plaintiff again relies on its invoices attached to the amended complaint, which it argues "establish[ ] that [Plaintiff] provided goods and services to Allied for years, and it sent Allied invoices for those goods and services, which showed amounts due for the same." (ECF No. 15, PageID.221–222.)

Plaintiff relies only on the invoices as evidence of mutual assent to a balance. On the face of the complaint and throughout the exhibits, however, Plaintiff does not set forth what that balance is. The invoices alone are not enough to meet the prima facie pleading threshold for this count. The invoices indicate the type, quantity, and price of certain goods,

but include no indication of whether Defendant paid—or did not pay—for them. (ECF No. 12-3) Plaintiff does not provide the Court or Defendant with a clear and easily ascertainable amount that Plaintiff alleges is due and owing, much less what was agreed upon between the parties.

Nor do the invoices, on their own, constitute evidence that there was a "contract based on assent to an agreed balance," *Fisher Sand & Gravel Co*, 494 Mich. at 557, which went unpaid and was not objected to. Under Michigan law, assent to a sum due may be inferred from a party's inaction. *Id.* at 558. The problem here is that, as set forth above, the Court cannot ascertain from the pleadings or exhibits what the "sum due" may be.

Plaintiffs alleging account stated claims routinely plead their claims through an affidavit under § 2145. *See, Kuiper Orlebeke PC v. Crehan*, No. 348315, 2020 WL 6684456, at *3 (Mich. Ct. App. Nov. 12, 2020) (*citing Echelon Homes, L.L.C. v. Carter Lumber Co.*, 261 Mich. App. 424, 435 (2004), *rev'd on other grounds* 472 Mich. 192 (2005). Michigan Compiled Laws § 600.2145 states in relevant part:

> *In all actions brought in any of the courts of this state, to recover the amount due on an open account or upon an account stated, if the plaintiff or someone in his behalf makes an affidavit of the amount due,* as near as he can estimate the

8

> same, over and above all legal counterclaims and annexes thereto a copy of said account, *and cause a copy of said affidavit and account to be served upon the defendant, with a copy of the complaint filed in the cause* or with the process by which such action is commenced, *such affidavit shall be deemed prima facie evidence of such indebtedness*, unless the defendant with his answer, by himself or agent, makes an affidavit and serves a copy thereof on the plaintiff or his attorney, denying the same.

(emphasis added.) Plaintiff did not attach an affidavit of the agreed-upon balance, which could have served as prima facie evidence of the indebtedness.

The parties devote much of their arguments to whether the Court can and should consider an exhibit attached to Plaintiff's original complaint and whether that document changes the outcome. The document at issue appears to be Plaintiff's internal notes regarding the account balance discussions and does not alter the outcome of this motion because it does not demonstrate that there was an agreed-upon balance owed between the parties.

Accordingly, Plaintiff fails to state a claim for account stated, and Count III is dismissed. Plaintiff's remaining breach of contract and unjust enrichment claims (Counts I and II) will continue.

### IV. Conclusion

For the reasons set forth above, the Court GRANTS Defendant's motion to dismiss the account stated claim (Count III).

IT IS SO ORDERED.

Dated: February 25, 2021    s/Judith E. Levy
Ann Arbor, Michigan         JUDITH E. LEVY
                            United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 25, 2021.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
