UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ningbo S-Chande Import & Export
Co., Ltd.,

         Case No. 20-10190

  Plaintiff/
  Counter-Defendant, Judith E. Levy
         United States District Judge
v.
         Mag. Judge Anthony P. Patti

Allied Technology, Inc.,

  Defendant/
  Counter-Plaintiff.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS AND FOR DEFAULT JUDGMENT [58]**

Before the Court is Defendant/Counter-Plaintiff Allied Technology Inc.'s ("Allied") motion to dismiss under Federal Rule of Civil Procedure 41(b) and for default judgment under Federal Rule of Civil Procedure 16(f). (ECF No. 58.) For the reasons set forth below, the motion is GRANTED.

## I. Background

The factual background of this case was set forth in detail in the Court's prior opinion and order. (ECF No. 53, PageID.1355–1360.)

On January 3, 2024, counsel for Plaintiff/Counter-Defendant Ningbo S-Chande Import & Export Co., Ltd. ("Chande") filed a motion to withdraw. (ECF No. 55.) In their motion, counsel indicated that Chande had failed to pay more than $70,000 in outstanding invoices and did not respond to counsel's repeated requests for payment. (*Id.* at PageID.1381–1382.) On January 5, 2024, the Court granted the motion, ordered Chande to "obtain new counsel within 30 days," and stated that "[s]ubstitute counsel must enter an appearance on the docket on or before Monday, February 5, 2024." (ECF No. 56, PageID.1390.) No appearance was filed. On February 9, 2024, the Court entered a show cause order requiring Chande to show cause in writing by February 23, 2024 why the case should not be dismissed for failure to prosecute. (ECF No. 57.) The Court also warned Chande that failure to timely respond "may result in sanctions, up to and including the entry of default judgment in favor of Defendant/Counter-Plaintiff Allied Technology, Inc." (*Id.* at PageID.1392.) Chande did not respond.

On June 11, 2024, Allied filed the present motion to dismiss and for default judgment. (ECF No. 58.) To date, Chande has not filed a response nor has substitute counsel appeared on behalf of Chande.

2

## II. Dismissal Pursuant to Rule 41(b)

Allied first requests that the Court dismiss Chande's remaining claims with prejudice under Rule 41(b) for failure to prosecute. (*Id.* at PageID.1403–1408.) "Rule 41(b) . . . confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362-63 (6th Cir. 1999)). Courts in the Sixth Circuit consider four factors in determining whether a case should be dismissed for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 590 (6th Cir. 2001)).

Allied argues that all four factors weigh in favor of dismissal of Chande's remaining claims. The Court agrees. "The first factor— whether the party's failure is due to willfulness, bad faith, or fault—

3

requires 'a clear record of delay or contumacious conduct.'" *Id.* (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)). "The plaintiff's conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [its] conduct on those proceedings." *Id.* at 705 (internal quotation marks omitted) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). Here, Chande has refused to pay its counsel, failed to obtain new counsel as ordered by Court, and otherwise ignored the Court's efforts to advance this case.[1] This conduct demonstrates a clear record of delay and evidences an intent to thwart these proceedings. Thus, this first factor supports dismissal.

Turning to the second factor, the Sixth Circuit has explained that "a defendant is prejudiced by the plaintiff's conduct where the defendant 'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Schafer*, 529 F.3d at 737 (alterations in original) (quoting *Harmon v. CSX Transp.*, 110 F.3d 364, 368 (6th Cir. 1997)). Here, Allied was forced to file the present

---

[1] As noted in the Court's show cause order, Chande must obtain new counsel because a corporation may only appear in federal court through licensed counsel. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993); *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984); *see also* 28 U.S.C. § 1654.

motion in an effort to resolve the case after Chande took no action on this case for more than six months. Moreover, Allied is unable to pursue its counterclaims against Chande until Chande obtains new counsel. As such, the second factor also supports dismissal.

The third factor considers whether the Court warned the non-compliant party that failure to comply with its orders could result in dismissal. *Carpenter*, 723 F.3d at 704. Here, the Court clearly warned Chande that it was contemplating dismissal of its claims with prejudice. (ECF No. 57, PageID.1392.) Thus, the third factor supports dismissal.

Finally, the fourth factor requires that the district court consider whether lesser sanctions available. *Carpenter*, 723 F.3d at 704. However, the Sixth Circuit "has 'never held that a district court is without power to dismiss a complaint, as the first and only sanction, solely on the basis of the plaintiff's counsel's neglect' and is 'loathe to require the district court to incant a litany of the available lesser sanctions.'" *Schafer*, 529 F.3d at 738 (quoting *Harmon*, 110 F.3d at 368). Here, the Court agrees with Allied that less drastic sanctions are not available because Chande cannot proceed without counsel and has not obtained substitute counsel in the nine months following its prior

5

counsel's withdrawal. *Cf. Rowland*, 506 U.S. at 201–02. As such, the fourth factor further supports dismissal.

Accordingly, the Court grants Allied's motion to dismiss pursuant to Rule 41(b) and dismisses Chande's remaining claims with prejudice.

### III. Default Judgment Pursuant to Rule 16(f)

Allied also asks the Court to sanction Chande pursuant to Rule 16(f) and enter a default judgment in Allied's favor on its remaining counterclaims. (*Id.* at PageID.1408–1410.)

Under Federal Rule of Civil Procedure 16(f), a district court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Rule 37(b)(2)(A) provides a non-exhaustive list of potential sanctions, which include "rendering a default judgment against the disobedient party[.]" Fed. R. Civ. P. 37(b)(2)(A)(vi). Therefore, a district court may issue a default judgment as a sanction pursuant to Rule 16(f). *Prime Rate Premium Fin. Corp. v. Larson*, 930 F.3d 759, 767 (6th Cir. 2019). The Sixth Circuit has identified four factors to guide a district court's discretion when determining whether a case-ending sanction, such as a default judgment, is warranted:

6

"1) whether the disobedient party acted in willful bad faith; 2) whether the opposing party suffered prejudice; 3) whether the court warned the disobedient party that failure to cooperate could result in a default judgment; and 4) whether less drastic sanctions were imposed or considered." *KCI USA, Inc. v. Healthcare Essentials, Inc.*, 801 F. App'x 928, 934 (6th Cir. 2020) (quoting *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008)).

Each of these four factors are met here. By failing to obtain substitute counsel or otherwise respond to the Court's orders, Chande has demonstrated willful bad faith. *See Wade Farms, LLC v. Ceed2Med, LLC*, No. 5:19-CV-124-TBR, 2021 WL 2546721, at *3–4 (W.D. Ky. June 21, 2021) (finding that the corporate defendant acted in willful bad faith by failing to respond to the court or obtain new counsel); *Acosta v. RAB Commc'ns, Inc.*, No. 2:18-CV-1513, 2020 WL 6445882, at *2 (S.D. Ohio Nov. 3, 2020) (holding that the corporate defendant's failure to comply with the court's orders, including an order to obtain new counsel, constituted bad faith). As set forth above, these actions have prejudiced Allied and lesser sanctions are not available in the absence of substitute counsel for Chande. Finally, the Court expressly warned Chande that

7

failure to timely respond "may result in sanctions, up to and including the entry of default judgment in favor of Defendant/Counter-Plaintiff Allied Technology, Inc." (ECF No. 57, PageID.1392.) Thus, the Court concludes that a default judgment is the appropriate sanction in these circumstances.

"The effect of a default judgment is that the 'factual allegations of the complaint, *except those relating to the amount of damages*, will be taken as true.'" *New London Tobacco Mkt., Inc. v. Ky. Fuel Corp.*, 44 F.4th 393, 403 (6th Cir. 2022) (emphasis in original) (citations omitted). As a result, a default admits only the defaulting party's liability but the amount of damages must be proved. *Id.* (quoting *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)). "The district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (quoting *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

Following the Court's ruling on summary judgment, two of Allied's counterclaims remain pending: breach of contract related to Skilled Manufacturing, Inc. ("SMI") (Count I) and breach of contract related to

8

Dormakaba USA, Inc. (Count III). (*See* ECF No. 53, PageID.1367–1373.) With respect to Count I, Allied requests (i) $267,009.46 for unpaid SMI invoices, (ii) $199,990.75 in annual finance charges on the unpaid invoices, (iii) $10,000.00 for tooling for SMI projects Chande refused to return, and (iv) $3,026,489.76 in lost profits from the sale of part number 12674280 to SMI. (ECF No. 58, PageID.1408–1409.) As to Count III, Allied requests $71,200.00 to replace certain tooling for Dormakaba parts that Chande refused to return. (*Id.* at PageID.1409–1410.) In support of these requests, Allied includes a declaration from its president, Annie Shen, detailing Allied's alleged damages. (ECF No. 58-1.) The Court will also consider the evidence previously filed in support of the parties' motions for summary judgment in evaluating Allied's asserted damages.

As an initial matter, Allied's request to recover $71,200.00 in tooling costs for Dormakaba parts is well supported by the record. (*See* ECF No. 44-2, PageID.665–666; ECF No. 44-24, PageID.777–778; ECF No. 44-25, PageID.782–788; *see also* ECF No. 38-3, PageID.468.) Additionally, Allied has provided support for the $267,009.46 it requests for three unpaid SMI invoices dated August 2, 2019 through September

9

20, 2019 and the $10,000.00 for SMI-related tooling through Shen's declarations. (*See* ECF No. 44-2, PageID.665; ECF No. 58-1, PageID.1413.) Thus, the Court will award these amounts as damages.

Next, Allied seeks to recover $199,990.75 for annual finance charges on its unpaid SMI invoices. (ECF No. 58, PageID.1408–1409.) Shen explains in her declarations that the terms in Allied's invoices to SMI indicate that a 15% annual finance charge for past due invoices. (ECF No. 44-2, PageID.665; ECF No. 58-1, PageID.1414.) Under Michigan law,[2] a buyer of goods may recover consequential damages if they were a proximate result of the seller's breach and reasonably foreseeable by the seller at the time of contracting. *Venture Indus. Corp. v. Himont U.S.A., Inc.*, 106 F. App'x 943, 944-45 (6th Cir. 2004) (quoting *Sullivan Indus., Inc. v. Double Seal Glass Co.*, 192 Mich. App. 333, 347 (1991)); *see also* Mich. Comp. Laws § 440.2715(2)(a). Here, there is no evidence to suggest that Chande was aware of the 15% finance charge in Allied's invoices to SMI at the time it entered into the contract with

---

[2] The Court previously determined that the parties waived application of the United Nations Convention on Contracts for the International Sale of Goods ("CISG") and that Michigan law applied to the parties' disputes. (ECF No. 53, PageID.1362–1366.)

10

Allied. As such, the Court declines to award these finance charges as damages.

Finally, Allied seeks $3,026,489.76 in lost profits from SMI based on its projections for sales of part number 12674280 to SMI from March 2020 through May 2025. (ECF No. 58, PageID.1409) In her declaration, Shen explains that these estimated lost profits are based on an average annual volume of 316,800 units and a per-unit margin of $1.8193. (ECF No. 58-1, PageID.1414–1415.) However, Allied has not put forward sufficient evidence to demonstrate that SMI would have continued to purchase this part from Allied through May 2025 with any reasonable certainty. As discussed during the summary judgment proceedings in this case, there is conflicting evidence in the record regarding SMI's relationship with Allied and whether SMI intended to continue purchasing part number 12674280 from Allied going forward, particularly in light of the United States tariffs imposed on parts from China. (*See, e.g.*, ECF No. 37-5, PageID.399–400; ECF No. 44-11, PageID.732; ECF No. 44-16, PageID.747; ECF No. 44-18, PageID.754, ECF No. 44-19, PageID.757–758.) Moreover, Allied has not pointed to any agreement that obligated SMI to continue purchasing this part

11

from Allied through May 2025. Therefore, the Court declines to award damages for lost profits with SMI.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS Allied's motion to dismiss and for default judgment. (ECF No. 58.)

Chande's remaining claims are DISMISSED WITH PREJUDICE.

The Court will enter a default judgment in favor of Allied on Counts I and III of its counterclaim in the amount of $348,209.46 plus pre- and post-judgment interests and costs.

IT IS SO ORDERED.

Dated: September 30, 2024　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 30, 2024.

　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　Case Manager